IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03391-RTG

MERSAD RAHMANOVIC,

    Plaintiff,

v.

SARAH M. ANDRZEJCZAK,
BUCHALATER P.C., and
KEIRTON INC.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff initiated this action on October 27, 2025, by filing *pro se* a Verified Federal Civil Rights Complaint and paying the $405.00 filing fee. (*See* ECF No. 1).

    The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Because this pleading is not on the Court-approved Complaint form and suffers from pleading deficiencies, the Court will direct Plaintiff to file an amended Complaint.

**I. The Complaint**

    Plaintiff brings this action against a private individual (Andrzejczak) and two private entities (Buchalter P.C. and Keirton Inc.) for alleged violations of Plaintiff's

constitutional rights in connection with a state court civil case in which Plaintiff was a named defendant. (*See* ECF No. 1 at 1). According to Plaintiff, Defendant Andrzejczak filed a motion for contempt but failed to notify Plaintiff of the scheduled hearing, resulting in Plaintiff's absence, a finding of contempt, and issuance of an arrest warrant. (*Id.* at 2). Plaintiff asserts the following claims: (1) 42 U.S.C. § 1983 (Procedural Due Process and Access to Courts); (2) 42 U.S.C. § 1983 (Retaliation for Protecting Petitioning); and (3) 42 U.S.C. § 1985(2)-(3) (Conspiracy to Obstruct Justice and Deny Equal Protection). (*Id.* at 3). Plaintiff requests declaratory and injunctive relief as well as damages. (*Id.*).

## II. Discussion

### A. Rule 8

Plaintiff's Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

To comply with Rule 8, Plaintiff must allege in a clear, concise, and organized manner the factual allegations that support the claims for relief he is asserting. Plaintiff

must explain who each Defendant is, what each Defendant did to him, when the Defendant did it, how the Defendant's action harmed him, what specific legal right he believes the Defendant violated, and what specific relief he requests. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

Further, allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). In lawsuits involving multiple defendants, "[i]t is particularly important that plaintiff[ ] make[s] clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). *see also Vasquez v. Davis*, 882 F. 3d 1270, 1275 (10th Cir. 2018) ("To recover damages from each of [multiple] Defendants under § 1983, [Plaintiff] had to show that such Defendant personally participated in the alleged constitutional violation."). Thus, "[w]hen various officials have taken different actions with respect to a plaintiff," the plaintiff's "undifferentiated contention that 'defendants' infringed [her] rights" is insufficient to satisfy the pleading requirements of Rule 8. *See Pahls*, 718 F.3d at 1226.

**B. § 1983 claims**

Plaintiff alleges that the Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, which provides a remedy when an individual's constitutional rights are violated under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally

3

guaranteed rights and to provide relief to victims if such deterrence fails."). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Private conduct constitutes state action only if it is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). While state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Plaintiff must explain a sufficient basis for alleging § 1983 claims against the named Defendants who are private individuals and entities.

### III. Conclusion

Accordingly, it is

ORDERED that Plaintiff shall file, **within thirty (30) days from the date of this**

**order**, an Amended Complaint on the court-approved general Complaint form that complies with the directives in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved general Complaint form, along with the applicable instructions, from the Court's website at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint as directed within the time allowed, this action may be dismissed for the reasons discussed above.

DATED October 29, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge