**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 25–cv–03391–RMR–MDB

MERSAD RAHMANOVIC,

Plaintiff,

v.

SARAH M. ANDRZEJCZAK,
BUCHALTER, P.C., and
KEIRTON INC.,

Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell entered on August 6, 2026, ECF No. 34, addressing Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 25). Magistrate Judge Braswell recommends that the Defendants' motion be granted.

Plaintiff timely filed an objection to the Recommendation at ECF No. 35, and Defendants filed a response, ECF No. 36. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiff's Objection and adopts the Recommendation.

## I. LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II. BACKGROUND[2]

This case arises from contempt proceedings in a Crowley County District Court case between Plaintiff and Defendant Keirton Inc. Plaintiff alleges that in that case, Defendant Andrzejczak, Keirton Inc.'s attorney, moved for contempt and an arrest warrant against him. Plaintiff alleges he received no notice of the contempt hearing until after it proceeded in his absence and the court issued a warrant. He surrendered the next morning, and the court later dismissed the contempt citation. Based on those events, Plaintiff filed this action against Defendants, asserting three claims under 42 U.S.C. § 1983 and nine claims under state law.

A month prior to filing this action, Plaintiff sued Defendants in Denver County District Court based on the same underlying events (the "State Action"). On March 16, 2026, Denver County District Court dismissed the State Action in its entirety.

## III. ANALYSIS

Magistrate Judge Braswell recommends granting Defendants' Motion and dismissing Plaintiff's claims with prejudice because Plaintiff's claims are barred by the doctrine of claim preclusion. ECF No. 34 at 7. She reasons that each element of claim preclusion is met because (1) the State Action is a valid, final judgment; (2) the two actions

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

[2] The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the background included with the Recommendation (ECF No. 34 at 2-3) as if set forth herein and restates only the facts and procedural history relevant to this Order.

involve the same subject matter; (3) the two actions involve the same claims for relief; and (4) the parties are identical. *Id.* at 6-7. The Recommendation further found that even if Plaintiff's claims were not precluded, they nevertheless appear deficient as pleaded. *Id.* at 7 n.7. Plaintiff's Objection concedes that the instant action and the State Action "arise from substantially overlapping underlying events." ECF No. 35 at 1. Nevertheless, he raises several overlapping objections to the Recommendation, which the Court addresses in turn.

First, Plaintiff argues that the Magistrate Judge failed to adequately distinguish the differing grounds upon which the Denver County District Court dismissed Plaintiff's claims and should have assessed whether that judgment precludes each of his federal claims. ECF No. 35 at 2-4. Plaintiff points to the Denver County District Court's dismissal of two attorney misconduct claims for lack of subject matter jurisdiction, arguing this was not an adjudication on the merits and cannot support a finding of claim preclusion. *See id.*, ECF No. 31-1 at 5. The Denver County District Court, however, separately dismissed the remaining claims in the State Action on the merits. *Id.* at 6-8. In assessing whether claims are identical for preclusion purposes, the inquiry does not turn on the "specific claim asserted or the name given to the claim." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Rather, as the Magistrate Judge properly explained (and Plaintiff acknowledges), claim preclusion prevents parties from relitigating issues that were *or could have been* raised in a prior action. *See* ECF No. 34 at 7 (quoting *Argus*, 109 P.3d at 608) (emphasis added), ECF No. 35 at 3. Plaintiff acknowledges the substantial factual overlap between the actions, ECF No. 35 at 3, and his federal claims

seek relief for alleged injuries arising from the same underlying events. Because those claims arise from the same transaction and could have been brought in the State Action, the jurisdictional dismissal of two distinct claims in the State Action does not alter the preclusive effect of the Denver County District Court's disposition of the remaining claims. The Court therefore overrules this objection.

Next, Plaintiff contends that the Magistrate Judge did not properly analyze the legal significance of some of Plaintiff's allegations, particularly with respect to his procedural due process claim. ECF No. 35 at 4-7. The Recommendation, however, rests on claim preclusion, not whether Plaintiff's allegations are sufficient to state a viable claim. The alleged failure to provide notice of the contempt hearing arises from the same events underlying the State Action, and the "legal significance" to Plaintiff's due process theory does not place that claim outside the same transaction raised here. The Court therefore overrules this objection.

Finally, Plaintiff contends that, if claim preclusion does not dispose of all his claims, he should be given the opportunity to cure the specific pleading deficiency identified by the Recommendation. But the Magistrate Judge expressly declined to reach Defendants' Rule 12(b)(6) arguments and offered her views on state action and the litigation privilege only as observations. *See* ECF No. 34 at 3 n.3, 7-8 n.7. Regardless, because the Court finds that claim preclusion disposes of all of Plaintiff's claims, amendment would be futile. *Johnson v. Spencer*, 950 F.3d 680, 715 (10th Cir. 2020) (affirming district court ruling that amendment futile where plaintiff could not have alleged any facts that would fix his claim preclusion problem); *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190-91 (10th

Cir. 2014) (holding that "any further opportunity to amend would be futile because [plaintiff's] claims would still be barred" by issue preclusion). Accordingly, Plaintiff's objection is overruled and his claims are dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above and in the Recommendation, the Court ORDERS as follows:

1. Plaintiff's Objection to the Recommendation, ECF No. 35, is OVERRULED;
2. The Recommendation, ECF No. 34, is ACCEPTED AND ADOPTED as set forth above;
3. Defendants' Motion to Dismiss, ECF No. 25, is GRANTED; and
4. Plaintiff's claims are DISMISSED WITH PREJUDICE.

DATED: September 28, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge